IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

ESTATE OF JAMES PETER RUSH,
JACQUELINE FINN, as Personal
Representative,

       Plaintiff,

vs.                                    CASE NO.: 5:10-CV-152-RS

HON. BOBBY HADDOCK, as Sheriff of
Washington County and individually, and
JONATHAN RACKARD and FRANK
STONE, individually,

       Defendants.

_____/

## FIRST MOTION IN LIMINE OF DEFENDANTS RACKARD AND STONE WITH INCORPORATED MEMORANDUM OF LAW

**COME NOW**, Defendants JONATHAN RACKARD, and FRANK STONE, by and through undersigned counsel, and move this Court for the entry of an order prohibiting comment, testimony, inquiry, argument or evidence pertaining to the matters identified herein, and in support thereof would show:

## PRIOR OR SUBSEQUENT ACTS BY THESE OR OTHER EMPLOYEES OF THE SHERIFF

Based upon a review of Plaintiff's Answers to Interrogatories, Rule 26 disclosures, and response to Defendant Sheriff's motion for summary judgment, it is Defendants' understanding that Plaintiff intends to attempt to introduce evidence of prior or subsequent acts on the part these Defendants or of other persons employed by the Washington County Sheriff that involve allegations of misconduct on the part of Defendant Rackard. Many of these alleged instances of excessive force and do not involve any of the parties to this action.

As to Defendant Rackard, Plaintiff appears to intend to offer evidence of other lawsuits involving Defendant Rackard, as demonstrated in Plaintiff's responses to Defendant Sheriff's interrogatories. (Doc. 25-8).  The evidence Plaintiff offers in support of the official capacity claim against the Sheriff that asserts inadequate training involves the complaints filed by other plaintiffs in civil actions brought against the Sheriff and Rackard by the same attorney who is representing the Plaintiff in this case and one other case.   Notably, Plaintiff relies first upon a circumstance where the Eleventh Circuit found no Constitutional violation (Beasley) and other lawsuits that involve circumstances that are not remotely related to those presented in the instant case and where there has been no finding of Constitutional violation, but instead are based solely on the unsubstantiated allegations of Plaintiff's attorney, supplemented by newspaper articles or blogs that constitute hearsay.  Plaintiff has not disclosed any witnesses that will be called in support of these claims; Plaintiff appears to rely solely on the documents filed in the court system and newspaper articles and blogs.

As to Stone, Plaintiff has offered no specific reference to any specific event Plaintiff will rely upon to show some inadequacies in training or supervision and identifies no witnesses that would have knowledge of any events involving Stone.  The only evidence disclosed during the course of discovery is that Stone resigned from his employment with the Sheriff after a dispute with a supervisor.  There is no allegation or evidence that this involved an incident of deliberate indifference on the part of Stone in his dealing with an arrestee or other person.

Plaintiff's attorney has not disclosed any evidence or witnesses involving other similar events related to allegations of deliberate indifference in dealing with the medical needs of a person taken into custody or being held at the Jail on the part of these individual Defendants or other employees of the Sheriff.

Defendants suspect that even if Plaintiff's official capacity claims against the Sheriff are dismissed or even if the Defendants Motion for Separate Trial is granted, Plaintiff's attorney will attempt to present evidence related to these matters, either directly or via cross examination of the Defendants.

As the ensuing discussion illustrates, this evidence is not relevant, not probative of any material issue presented in this case at to these Defendants and its prejudicial effect far outweighs any probative value it may possess.

Preliminarily, it must be noted that Plaintiff has sought relief as to the Washington County Sheriff on a clam pertaining to the training or supervisory practices of the Sheriff under Section 1983, but not under Florida law.  Accordingly, any evidence pertaining to prior incidents, knowledge on the part of the Sheriff as to those incidents, and actions taken or not taken as a result, may be admissible in Plaintiff's case as to the Sheriff, but are inadmissible and not relevant to any material issue related to these Defendants and are highly prejudicial to Defendants.

Determining the admissibility of evidence of prior acts of misconduct involves analysis of Rule 404, Federal Rules of Evidence, and the case law interpreting that rule. Both subsection (a) and (b) of Rule 404 made clear that "evidence of a person's character or a trait of his character is not admissible for the purpose of providing that he acted in conformity therewith on a particular occasion," Rule 404(a), and "evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith", Rule 404(b).  The concluding sentence of Rule 404(b) makes clear that evidence of other wrongs or acts may be admissible only to show proof of motive, opportunity, intent, preparation, plan, knowledge, identify, or absence of mistake or accident.

3

The leading and most often cited case dealing with this question is <u>United States v.</u> <u>Beechum</u> 582 F. 2d 898 (5th Cir. 1978), which the Eleventh Circuit has expressly cited to with approval, <u>U.S. v. Gray</u>, 730 F. 2d 733 (11th Cir. 1984). In the <u>Beechum</u> case, the court set forth a two-step test to be used in evaluating the admissibility of similar act or conduct evidence.

> First, it must be determined that the extrinsic offense evidence is relevant to an issue other than the Defendant's character. Second, the evidence must possess probative value that is not substantially outweighed by its undue prejudice and must meet the other requirements of Rule 403.

582 F. 2d at 911

The court went on to point out that the test for relevancy requires application of Rule 401, making evidence relevant when it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence" but went on to point out that "similarity means more than that the extrinsic and charged offense have a common characteristic." 582 F. 2d at 911. The "common characteristic" must be the significant one for the purpose of the inquiry at hand. This necessarily requires consideration of the factors contained in the latter part of Rule 404(b) pertaining to intent, motive and the like. Going on to discuss the second element of the test, the court pointed out that the probative value of evidence will be small and outbalanced by the inherent prejudice of the evidence when the similarities are dissimilar except for the common element of intent. 582 F. 2d at 915.

Subsequent cases applying this rule in factual contexts very similar to that presented in the instant case make apparent that the evidence which Plaintiff wishes to submit in the instant case is clearly inadmissible.

4

In the <u>United States v. Bettencourt</u>, 614 F. 2d 214 (9th Cir. 1980), the court disapproved of the admissibility of evidence pertaining to the defendant's prior assault of an individual and a subsequent assault charge, stating: "a showing of intent to assault on an earlier occasion proves little, if anything, above an intent to assault at some later time." 614 F. 2d at 217. The court found no rational connection between the two occurrences since there was no claim that the defendant engaged in a continuing pattern or practice of assaulting police officers and found it to be only "slightly probative". The court also recognized that, regardless of how carefully jurors are instructed, "jurors are likely to regard such evidence of a past act as proof of a defendant's turbulent character and to conclude that he acted consistently with that character at the time charged in the incident." 614 F. 2d at 218. This obviously is the primary basis for the provisions of Rule 404. <u>Also see</u>, <u>Lataille v. Ponte</u>, 754 F. 2d 33 (1st Cir. 1985), ("it is well settled that prior acts may not be admitted to prove that a person acted in a similar fashion in the case at hand"); <u>Crawford v. Yellow Cab Company</u>, 572 F. Supp. 1205 (N. D. Ill. 1983), (disapproving of the use of "similar but disconnected instances of misconduct..."); <u>Berkovich v. Hicks</u>, 922 F.2d 1018 (2nd Cir. 1991) (holding that in a combined trial of individual and official capacity claims, such evidence could not have been admitted without compromising the rights of the law enforcement officer); <u>Okai v. Vurfuth</u>, 275 F.3d 606 (7th Cir. 2001); <u>Superchi v. Town of Athol</u>, 170 F.R.D. 3 (D. Mass. 1996).

Directly on point is the case of <u>Tigges v. Cataldo</u>, 611 F. 2d 936 (1st Cir. 1979) where the Court specifically concluded:

> We note at the outset that Plaintiff was not entitled to show by extrinsic evidence that Cataldo had been disciplined in 1971. Federal Rules of Evidence 404(b); 608(b). Evidence of the impermissible sense of showing of bad character from which to infer a propensity to commit the alleged wrong... Further, since the

past conduct was not, in and of itself, 'probative of truthfulness or untruthfulness,' Federal Rule of Evidence 608(b), Plaintiff could not have cross examined Cataldo directly on the subject of the 1971 incident.

Thus, the circuit court recognized the inadmissibility of evidence, extrinsic or otherwise, pertaining to prior actions of alleged police brutality on the part of a defendant in a civil rights suit against police officers on claims of police brutality. See also, Dawson v. Prince George's County, 896 F.Supp. (D.Md. 1995), at 540; Amato v. City of Saratoga Springs, 972 F.Supp. 120 (N.D. N.Y. 1997; Brunson v. City of Dayton, 163 F.Supp.2d 919 (S.D. Oh. 2001); Jones v. City of Chicago , 1999 U.S. Dist. LEXIS 3358 (E.D. Ill. 1999); Marryshow v. Bladensburg, 139 F.R.D 318 (D. Md. 1991); Rucciuti v. New York City Transit Auth., 796 F.Supp. 84 (S.D. N.Y. 1992).

In a case involving evidence remarkably similar to that which Plaintiff would offer in this case, the court in Carter v. District of Columbia, 795 F.2d 1116 (D.C. Cir. 1986), found repeated error on the part of the trial court in allowing evidence, over defendants' objections, of numerous newspaper articles and complaints filed in lawsuits alleging misconduct by persons other than the individual defendants.  Despite the fact that, as the evidence was admitted, the judge gave adequate, if not model, instructions as to the limited purpose for which the evidence should be considered, the court found that these instructions alone were insufficient to guard against the danger of unfair prejudice.  The same ruling was also applied to the defendant's personnel files. Since the files contained highly inflammatory complaints and allegations that were unquestionably capable of causing unfair prejudice to the defendants.  The court concluded that the trial court abused its discretion, this time by admitting inflammatory material from the defendants' personnel files.  The court concluded that:

Under these circumstances, we find what was said in *United States v. James* to be equally applicable here: "Given the slight probative force of this evidence, and its obvious potential for prejudice, we perceive no balance on which it properly could have been admitted." *181 U.S. App. D.C. 55, 555 F.2d 992, 1001 (D.C. Cir. 1977).*

Permitting the jury to consider the complaints and accounts of misconduct contained in the personnel files of Officer Vanderbloemen and the other defendants presented a grave danger of unfair prejudice. Following the reading of account after account of alleged misconduct by the defendants, there was a significant risk that the jury would conclude that the evidence established the bad character of the defendants and that the defendants were likely to have acted in the same way on the night in question. Use of the "other acts" evidence for this purpose is, of course, precisely what Rule 404(b) proscribes.

Similarly, in the instant case, absent a clear showing that any evidence the Plaintiff intends to offer pertaining to prior acts on the part of other persons employed by the Sheriff specifically relates to intent, motive, or any of the other elements itemized in Rule 404(b), any testimony in this regard should be prohibited, as should any inquiry. The probative value of any such evidence is slight, at best, and the prejudicial effect will far outweigh any probative value. This is especially so when one considers that there are multiple defendants in this case and evidence introduced as to one defendant may have a prejudicial "spill over" effect upon the other. This is even more applicable when if it is Plaintiff's intent to introduce evidence of alleged misconduct on the part of persons other than these Defendants, even though no such events have been disclosed during the course of discovery. Any such evidence has absolutely no probative value as to any issue related to these Defendants and has an even greater potential for improper spill over effect. Evidence pertaining to these other events would be irrelevant and improper, just as evidence of an arrest, without conviction, would be irrelevant and inadmissible under Rule 404(b).

To be admissible at trial, evidence must meet the threshold of relevance set forth in Fed.R.Evid. 401, which provides:

> Relevant evidence means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.

Evidence concerning the claims of other person's treatment by deputy sheriffs other than these Defendants, or even by these Defendants, is irrelevant to this Plaintiff's claims against these Defendants under Fed.R.Evid. 401 because such evidence fails to make the existence of any facts of consequence concerning Plaintiff's claim more or less probable. This type of evidence will not assist Plaintiff in establishing any claim of wrongdoing that he has raised as to these individual Defendants.

Further, even if the evidence was relevant, there are several other factors mitigating against its admission. Fed.R.Evid. 403 requires the exclusion of evidence where its probative value is substantially outweighed by unfair prejudice, confusion or the potential to mislead the jury or cause undue delay, waste of time or needless presentation of cumulative evidence. In particular, Rule 403 states:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading of the jury, or by considerations of undue delay, waste of time or needless presentation of cumulative evidence.

"Exclusion of evidence under Rule 403 is also important to avoid significant litigation on issues that are collateral to those required to be tried." Sims v. Mulcahy, 902 F.2d 524, 531 (7th Cir. 1990). Not only is the testimony of other persons irrelevant because it concerns their experiences, as opposed to Plaintiff's, it must also be excluded due to its potential for prejudice, confusion, or

misleading the jury, which would substantially outweigh whatever probative value the testimony possessed, particularly as to the individual Defendants.

Due to the highly charged and emotive nature of such testimony, courts are careful to exclude such evidence when it is not capable of shedding light on the plaintiff's specific claim. Courts have recognized that the admission of evidence of involving other events creates a myriad of problems for the defendant , the court and the jury. As the Sixth Circuit emphasized in Schrand, supra, the following evidentiary hurdles arise with admission of such testimony:  (1) the jury will inevitably confuse the issues to be resolved with the specific facts concerning the witnesses' experiences; (2) the jury will have difficulty distinguishing between the evidence concerning the plaintiff and the evidence regarding the other persons; and (3) the defendant will have to devote substantial time and resources in proving the propriety of its actions with respect to each non-plaintiff who testifies.

For a Sheriff to demonstrate the reasonableness of action taken with respect to other persons called as witnesses would require a "trial within a trial," and detract from the parties' ability to resolve the actual issues as to these particular Defendants who may not have been involved in any of those previous incidents. See, Sims v. Mulcahy, supra. The introduction of such evidence "would have effectively required a 'trial within a trial'" and the probative value of such evidence, if any, would have been "established only following significant litigation within litigation." Id., at 531. See also, Goff v. Continental Oil Company, 678 F.2d 593 (5th Cir. 1982); Moorhouse v. Boeing Company, 501 F.Supp. 390 (E.D. Pa. 1980), aff'd., 639 F.2d 774 (3d Cir. 1980).

The admission of such testimony places an individual defendant in a lose-lose situation, requiring Defendants to be placed in the position of either presenting the justification for each incident, including those not involving themselves, or of allowing the testimony to stand

9

unrebutted." Moorhouse, at 393. In this case, numerous witnesses can be called to rebut the claims of these persons, to do so would require a significant amount of this Court's time and resources. The expenditure of these resources would not have any bearing on the success or failure of Plaintiff's claims as to the individual Defendants.

Most significant is the fact that there is no method to prevent or limit the inevitable prejudice, confusion and harm which will occur when such testimony is admitted. As one district court aptly stated, "even the strongest jury instructions could not have dulled the impact of a parade of witnesses." Moorhouse, at 397 n.4 and Haskell v. Kaman Corp., 743 F.2d 113 (2d Cir. 1984). Applying these considerations, it is clear that the applicability of Rules 401 and 403 renders the evidence inadmissible. It is lacking in probative value, and whatever minimal probative value the evidence might have is substantially outweighed by the unfair prejudice to the individual Defendants the evidence will create and the confusion or potential misleading of the jury that will occur, in addition to creating a waste of the Court's time.

Finally, in addition to the inadmissibility of the evidence as to the individually sued Defendants, none of the evidence disclosed by Plaintiff related to other events relied upon to prove official capacity liability has any relevance to the claim at hand: deliberate indifference in the provision of medical care. The only events Plaintiff has disclosed related to other incidents that would prove a policy, custom or practice relate solely to the use of force with regard to suspects; there are no allegations in this instance that force was utilized as to Mr. Rush or that any such force was excessive in nature. None of those claims involve instances where it was alleged that deputy sheriffs ignored known serious medical needs of a person they had contact with or had taken into custody so as to create a instance of deliberate indifference. Similarly, none of those claims involve instances where it was alleged that personnel at the Washington County Jail ignored known serious

10

medical needs of persons in their custody so as to create a instance of deliberate indifference at the Washington County Jail.

Applying the above cited Rule of Evidence 401, evidence of incidents unrelated to actions or omissions involving medical care to persons in custody do not make the existence of any facts of consequence concerning Plaintiff's claim in this case more or less probable. The circumstances and the issues presented in a deliberate indifference claim are substantially different from those involving a use of force claim, beginning with the application of two separate and distinct amendments to the Constitution and two separate and distinct standards of analysis. To allow such evidence will only serve to prejudice, confuse or mislead the jury, in addition to causing undue delay, waste of time or needless presentation of irrelevant evidence, making the exclusion of such evidence appropriate under Rule 403.

## CERTIFICATE OF COMPLIANCE

Pursuant to the provisions of the Local Rules of the United States District Court, Northern District of Florida, undersigned counsel for Defendants hereby certifies that he has conferred with counsel for the opposing party in a good faith effort to resolve by agreement the issues raised in this motion and represents to the Court that Plaintiff opposes this motion.

**WHEREFORE**, Defendants respectfully move this Court for the entry of the Motion in Limine prohibiting inquiry of testimony as itemized above.

Respectfully submitted this ___ day of June, 2011.

> s/ Keith C. Tischler
> **KEITH C. TISCHLER**
> Florida Bar No. 334081
> ***JOLLY & PETERSON, P.A.***
> Post Office Box 37400
> Tallahassee, Florida 32315
> Tel:   (850) 422-0282
> Fax:   (850) 422-1913
>
> *Attorney for Defendants*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished by Electronic Filing to James V. Cook, Law Office of James Cook, 314 West Jefferson Street, Tallahassee, Florida 32301, this ___ day of June, 2011.

> s/ Keith C. Tischler
> **KEITH C. TISCHLER**