IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

| | |
|---|---|
| ESTATE OF JAMES PETER RUSH, JACQUELINE FINN, as PERSONAL REPRESENTATIVE,<br>　　　Plaintiff,<br><br>v.<br><br>HON. BOBBY HADDOCK, as Sheriff of Washington County and individually, and JONATHAN RACKARD, and FRANK STONE, individually,<br>　　　Defendants. | Case No. 5:10-cv-152-RS |

**PLAINTIFF'S OBJECTION TO DEFENDANTS' MOTION FOR COSTS AND REQUEST FOR DELAY ON RULING ON COSTS**

COMES NOW Plaintiff, JACQUELINE FINN, by and through the undersigned attorney, and submits her objection to Defendants' Bill of Costs for $4,285.54, after Defendants prevailed on Defendants' Motion for Summary Judgment (Doc. 42). Plaintiff's objections should be sustained because Defendants seek to tax costs that are not recoverable under 28 U.S.C. §1920. Further, because this case is on appeal to the Eleventh Circuit, Plaintiff requests that the court delay ruling on this issue until after the conclusion of the appeal.

MEMORANDUM OF LAW

Not every cost associated with litigation is taxable or recoverable under 28 U.S.C. § 1920. The statute limits recovery of costs to the following specific items:

1

(1) Fees of the clerk and marshal;

(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;

(5) Docket fees under Section 1923 of the Title; and

(6) Compensation for court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under Section 1828 of this Title.

**A. Transcripts**

Defendant submitted $3,636.90 in its bill of costs for transcripts in this case. Whether the costs for a deposition are taxable depends on whether the deposition was wholly or partially "necessarily obtained for use in the case." *U.S. E.E.O.C. v. W&O, Inc,* 213 F.3d 600, 621 (11th Cir. 2000) (quoting *Newman v. A.E. Staley Mfg. Co.,* 648 F.2d 330, 337 (5th Cir. 1981). "[W]here the deposition costs were merely incurred for convenience, to aid in thorough preparation, or for purposes of investigation only, the costs are not recoverable." *Goodwall Const. Co. v. Beers Const. Co.,* 824 F.Supp. 1044, 1066 (N.D.Ga.1992). A district judge "has great latitude in determining whether a deposition was 'necessarily obtained for use in the case' or was obtained merely for the convenience of the attorney."

*Newman v. A.E. Staley Mfg. Co.,* 648 F.2d 330, 337 (5th Cir. Unit B June 1981).

Not all of the transcripts obtained by Defendants in this case are properly submitted in a Bill of Costs. Defendants have submitted a bill for the deposition of former Medical Examiner Cameron Snider, including $561.65 for deposition costs and $433.00 for the costs of video-recording the deposition. However no part of the Defendants' Motion for Summary Judgment was based on actual medical issues and no testimony by Dr. Snider was referenced in the Motion.

Defendants essentially defended the case based on how the decedent would have looked to the Defendant law enforcement officers at the time of his arrest and imprisonment and what the decedent is known to have told them.

Further, there was no use of video in Defendants efforts to dispose the case. Therefore the transcript was not necessarily obtained for this case and the video recording is certainly not taxable, so that $994.65 should be subtracted from costs.

Of the other depositions taken by Defendants, only the deposition of Edward Rush was used in Defendants Motion for Summary Judgment. The Edward Rush deposition constituted only $242.25 of the $924.75 deposition costs. The Edward Rush deposition lasted exactly one hour, beginning at 10:52 a.m. and ending at 11:52 a.m., so that one hour's appearance fee would also be taxable. The $7.00 shipping charge is not taxable. G*eorge v. Florida Department of Corrections*, 2008 WL 2571348 (S.D. Fla. 2008). Thus the only taxable deposition costs are $282.25. Therefore, an additional $642.50 should be subtracted from the total costs.

Some courts have held that transcript delivery fees are taxable and others have reached the contrary conclusion. *See, e.g., Preis v. Lexington Ins. Co.*, 2007 WL 3120268, * 4 (S.D.Ala. Oct.22, 2007) (such costs constitute "ordinary business expenses," not costs recoverable under Section 1920); *Kerns v. Pro-Foam of South Alabama*, 2007 WL 2710372, * 3 (S.D.Ala. Sept.13, 2007) (same); *Henderson v. Home Depot U.S.A., Inc.*, 2006 WL 4978430, *4 (M.D.Fla. July 6, 2006) (same); *Eggleston v. Bradshaw*, 2007 WL 1760912, *4 (S.D.Fla. June 18, 2007) (delivery and shipping fees denied as being for convenience of counsel); *University of Miami v. Intuitive Surgical Inc.*, 2007 WL 781912, * 1(S.D.Fla. March 13, 2007) (same). Likewise, the cost of copying exhibits has been found taxable in some cases and not in others. *See University of Miami, supra*, *1. In any case, Defendants here have not demonstrated that the delivery costs or exhibit copy costs associated with the transcripts were not merely for counsel's convenience, but constituted a necessary expense. Consequently, Defendants should not recover for this portion of costs incurred in relation to court reporter fees. *George v. Florida Dept. of Corr.*, 07-80019-CIV, 2008 WL 2571348 (S.D. Fla. May 23, 2008). The cost of shipping and copying exhibits totaled $13.00 for the April 29, 2011 depositions and $56.00 for the May 4, 2011 depositions, totaling $69.00 that should not be taxable.

### B. Copies

Defendants seek $87.99 for copies. Defendants' Bill of Costs recites that on April 18, 2011, it had coping charges from Legally Copied, Inc., of $23.49

4

and on May 17, 2011, it had copying charges from Legally Copied, Inc., of $64.50. The Bill of Costs does not indicate how many copies were made, how much was charged per copy, nor what they were used for.

The costs of photocopies are recoverable if the copies were "necessarily obtained for use in the case." 28 U.S.C. § 1920(4); *Desisto College, Inc. v. Town of Howey-in-the Hills*, 718 F.Supp. 906, 913 (M.D. Fla.1989) (copies of pleadings, discovery, documents tendered by the opposing party and documents prepared for the court's consideration constitute recoverable costs), aff'd, 914 F.2d 267 (11th Cir.1990). The party moving for taxation of costs must present evidence "regarding the documents copied including their use or intended use." *Cullens v. Georgia Dept. of Trans*. 29 F.3d 1489, 1494 (11th Cir.1994); *see also Helms v. Wal-Mart Stores, Inc.*, 808 F.Supp. 1568, 1570 (N.D.Ga.1992), aff'd, 998 F.2d 1023 (11th Cir.1993). Since only prevailing party knows why the copies were made, it cannot simply make unsubstantiated claims that copies of the documents were necessary. *Helms*, 808 F.Supp. at 1570 (citing *Corsair Asset Mgmt., Inc.*, 142 F.R.D. 347, 353 (N.D.Ga.1992)); see, e.g., *Ferguson v. Bombardier Serv. Corp.*, 2007 WL 601921, * 4 (M.D.Fla. Feb. 21.2007) (copies of checks paid to copy service companies without explanation of underlying charge were not properly charged). Rather, the prevailing party must provide information regarding the purpose of copies charged so the court will be able to determine whether the rates paid for copies were reasonable, whether the copies made were related to the action at

issue, and what the copies were for. See, e.g., *Lee v. American Eagle Airlines, Inc.*, 93 F.Supp.2d 1322, 1335-36 (S.D.Fla.2000) (denying copying costs where prevailing party failed to provide description of copies, including why rates paid reasonable or how expenses related to case). *George v. Florida Dept. of Corr.*, 07-80019-CIV, 2008 WL 2571348 (S.D. Fla. May 23, 2008). Here, Defendants have done none of the above and are not entitled to the $87.99 claimed cost of copies.

### C. Ruling should be delayed

This Judgment has been appealed. The Court has discretion to defer a ruling on the taxation of costs until after the determination of the appeal by the Eleventh Circuit. *See American Infra-Red Radiant Co. v. Lambert Industries, Inc.*, D.C.Minn.1966, 41 F.R.D. 161 (D.C. Minn. 1966) (Where losing party in patent infringement case had petition for certiorari pending before United States Supreme Court, district court in exercise of its discretion would grant continuance of taxation of costs pending disposition of petition for certiorari). It would not make sense to grant costs to Defendants when the costs would have to be disgorged if Plaintiff prevailed on her appeal.

### D. Conclusion

For the reasons above, Defendant's bill of costs of $4285.54 should be reduced by $1,794.14, leaving $2,491.40. However, Plaintiff asks the Court to defer its ruling on costs until the conclusion of the appeal in this matter.

WHEREFORE, Plaintiff requests that the Court grant Plaintiff's objections to the Bill of Costs but delay ruling until the conclusion of Plaintiff's Appeal.

Respectfully submitted,

*s/James Cook*
JAMES V. COOK
Florida Bar Number 0966843
314 West Jefferson Street
Tallahassee, Florida 32301
(850) 222-8080; 561-0836 fax

I CERTIFY the foregoing was filed electronically on 6/27/11 and that the person noted below is registered to be notified by the CM/ECF electronic mail system:

John W. Jolly, Jr.
Jolly & Peterson, P.A.
Post Office Box 37400
Tallahassee, FL 32315

*s/James Cook*
JAMES V. COOK

7